UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HILBILL PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16CV00328 SNLJ |
| | ) | |
| SENECA SPECIALTY INSURANCE CO., | ) | |
| AMERICAN INTERNATIONAL GROUP, INC. | ) | |
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The complaint in this action asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States

1

and the matter in controversy exceeds the sum of $75,000. Plaintiff, however, has failed to plead sufficient facts to establish diversity jurisdiction.

The complaint alleges that plaintiff is a Missouri limited liability company. The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. *Id.* The complaint contains no allegations concerning the citizenship of the members of the plaintiff LLC.

Further, the complaint is deficient because it does not allege the corporate defendants' state of incorporation and principal place of business. "In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business. Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Sanders*, 823 F.2d at 216.

Plaintiff alleges that defendant Seneca Specialty Insurance Company is a foreign insurance company with its home office in Phoenix, Arizona and its administrative office in New York City, New York. Plaintiff alleges that defendant American International Group, Inc. is a foreign corporation. Plaintiff alleges that defendant Lexington Insurance Company's main administrative office is located in Boston, Massachusetts. The complaint includes an allegation that there is a corporate interrelationship between

2

American International Group, Inc. and Lexington Insurance Company. These allegations are insufficient to establish diversity jurisdiction, as the complaint fails to set forth each corporate defendants' state of incorporation and its principal place of business.

Accordingly,

**IT IS HEREBY ORDERED** that, within ten days of the date of this Order, plaintiff shall file an amended complaint in accordance with this memorandum, setting forth the members of plaintiff Hilbill Properties, LLC and the citizenship of each of those members. Additionally, the amended complaint shall include the place of incorporation and principal place of business for defendants Seneca Specialty Insurance Company, American International Group, Inc., and Lexington Insurance Company.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this 18th day of March, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE